Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL II

| | | |
|---|---|---|
| CARLOS R. DÍAZ PIZARRO<br><br>Recurrente<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Recurrida | KLRA202500092 | *Revisión* procedente del Departamento de Corrección y Rehabilitación<br><br>Núm. Solicitud: GMA500-625-2024 |

Panel integrado por su presidente, el Juez Bermúdez Torres, la Jueza Martínez Cordero y el Juez Cruz Hiraldo.

*Martínez Cordero, jueza ponente*

### SENTENCIA

En San Juan, Puerto Rico, a 27 de febrero de 2025.

Comparece Carlos R. Díaz Pizarro mediante un *Recurso de Revisión Judicial,* para solicitarnos la revisión de cinco (5) solicitudes de remedio administrativo presentadas ante la División de Remedios Administrativos del Departamento de Corrección y Rehabilitación.

Sabido es que, como cuestión de umbral, este foro intermedio debe auscultar su propia jurisdicción para entender en este caso. Ello, puesto a que las cuestiones relacionadas a la jurisdicción inciden directamente sobre el poder que tiene un tribunal para adjudicar las controversias.[1] Por tal motivo, cuando un tribunal carece de jurisdicción, debe declararlo y desestimar la reclamación sin entrar en sus méritos.[2]

Es norma harta conocida que el Tribunal de Apelaciones tiene competencia para revisar decisiones, órdenes y resoluciones finales de las agencias administrativas.[3] El Tribunal Supremo de Puerto

---

[1] *Torres Alvarado v. Madera Atiles,* 202 DPR 495, 500 (2019); *Fuentes Bonilla v. ELA et al.,* 200 DPR 364, 372 (2018).

[2] 4 LPRA Ap. XXII-B, R. 83.

[3] Ley de la Judicatura del Estado Libre Asociado de Puerto Rico, Ley Núm. 201-2003, Artículo 4.006 (c), 4 LPRA sec. 24y(c); Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, Ley Núm. 38-2017, Sección 4.2, 3 LPRA sec. 9672; Regla 56 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXI-B, R. 56.

Rico ha definido las órdenes y resoluciones finales como aquellas que: (i) culminan el procedimiento administrativo; (ii) tienen efectos sustanciales sobre las partes, y (iii) resuelven todas las controversias ante la agencia. Es decir, son decisiones que ponen fin a las controversias, sin dejar nada pendiente para ser decidido en el futuro.[4] A esos efectos, una orden o resolución interlocutoria de una agencia no es revisable directamente, únicamente podrá ser objeto de un señalamiento de error en el recurso de revisión que se presente sobre la determinación final de la agencia.[5]

Al revisar el recurso ante nos, específicamente en la primera página, se desprende que, a la fecha de la presentación del mismo, la parte recurrente no ha recibido repuesta a las solicitudes de remedio presentadas ante la agencia recurrida, por lo que, cansado de esperar por las mismas, acudió ante esta Curia. Según reseñamos, este foro apelativo, únicamente, tiene competencia para revisar resoluciones u ordenes finales emitidas por las agencias administrativas. Así, pues, dado a que, en el presente caso, la agencia concernida no ha emitido una respuesta final a las solicitudes de remedio presentadas por el recurrente, este tribunal no tiene jurisdicción para atender este recurso.

En mérito de lo expuesto, *desestimamos* el recurso por falta de jurisdicción por prematuro.

En consideración a lo resuelto, eximimos a la parte recurrida de presentar escrito en oposición al recurso de revisión judicial ante nos. Ello, conforme a la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones,[6] la cual faculta a este Tribunal de prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante su consideración, con el propósito de lograr su más justo y eficiente despacho.

---

[4] *Comisionado Seguros v. Universal*, 167 DPR 21, 29 (2006).
[5] *Íd.*
[6] 4 LPRA Ap. XXII-B, R.7 (B)(5).

Ahora bien, nada impide que, una vez la agencia emita una respuesta final, el recurrente, si así lo requiere, acuda nuevamente ante este foro apelativo.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones